IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TABITHA OWENS** and **CHAD WALTERS**, on behalf of themselves and all others similarly situated, | ) ) ) ) |
| **Plaintiff,** | ) ) |
| vs. | ) Civil Case No: 16-cv-1109 ) |
| **GLH CAPITAL ENTERPRISE, INC., M.L.K. ENTERPRISES, LLC, BACK STREET ENTERTAINMENT, LTD., CHARLES "JERRY" WESTLUND, JR.,** an individual, **GARRETT HAMILTON**, an individual, and **DOES 1-10,** | ) **JURY TRIAL DEMANDED** ) ) ) ) ) ) |
| **Defendants.** | ) |

_____

**PLAINTIFFS' COLLECTIVE AND CLASS ACTION
COMPLAINT WITH JURY DEMAND**

**INTRODUCTION**

1.    This is a class and collective action brought by Plaintiffs, Tabitha Owens and Chad Walters ("Plaintiffs"), on behalf of themselves and all similarly situated current and former employees of Defendants, GLH Capital Enterprise, Inc. d/b/a Miss Emily's Cathouse, M.L.K. Enterprises, LLC d/b/a Social House, Back Street Entertainment, Ltd. d/b/a The Pony Cabaret and Steakhouse, Charles "Jerry" Westlund, Jr., Garrett Hamilton and Does 1-10, attached hereto as ***Exhibit A*** ("Defendants"), to recover damages for Defendants' willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Plaintiffs also bring claims for violation of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, as a state-wide class action pursuant to Fed. R. Civ. P. 23.

2. Plaintiffs, and those similarly situated, were subjected to Defendants' policy and practice of failing to pay overtime at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) hours during a workweek.

3. Specifically, Plaintiffs complain that Defendants failed to properly pay their non-exempt employees for all hours worked. To remedy their damages, Plaintiffs bring this action as an enterprise-wide collective action pursuant to 29 U.S.C. § 216(b) and a statewide class action pursuant to Fed. R. Civ. P. 23.

4. The individuals Plaintiffs seek to represent in this action are current and former non-exempt employees who worked for Defendants at any time in the past three years. Plaintiffs contend that Defendants failed to properly compensate their non-exempt employees with overtime pay as required under applicable federal and state laws.

5. Plaintiffs seek a declaration that their rights, and the rights of other Class members, were violated, and an award of unpaid wages, liquidated damages, and attorneys' fees and costs to make them whole for damages suffered.

## **JURISDICTION AND VENUE**

6. This Court has subject-matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims raise a federal question under 29 U.S.C. § 201, *et seq.*

7. This Court has jurisdiction over this FLSA collective action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

8. Defendants' annual sales exceed $500,000 and they have more than two employees, so the FLSA applies in this case on an enterprise basis. Defendants' employees engage in interstate commerce and therefore they are also covered by the FLSA on an individual

basis.

9. This Court has jurisdiction over Plaintiffs' state law class claims pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). The aggregate claims of the individual Class members exceed the sum value of $5,000,000 exclusive of interest and costs, there are believed to be in excess of 100 Class members, and this is a case in which more than two-thirds of the proposed Class members and Defendants are citizens of different states.

10. This Court also has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a) because this claim arises from a common set of operative facts and is so related to the claims within this Court's original jurisdiction that they form a part of the same case or controversy.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claim pled in this Complaint substantially occurred in this District.

## **PARTIES**

12. Plaintiff, Tabitha Owens, is an individual who resides in Marion, Illinois. Plaintiff Owens worked for one or more of the Defendants in Illinois as a non-exempt employee from June 2013 until July 2016, and executed her consent to sue form, attached hereto as *Exhibit B*.

13. Plaintiff, Chad Walters, is an individual who resides in Gulfport, Mississippi. Plaintiff Walters worked for one or more of the Defendants in Illinois as a non-exempt employee from January 2016 until July 2016, and executed his consent to sue form, also attached hereto as *Exhibit B*.

14. Defendant, GLH Capital Enterprise, Inc., is an Illinois corporation with its principal place of business located at 93 Iroquois St., McClure, Illinois 62957. Upon information and belief, GLH Capital Enterprise, Inc. does business as "Miss Emily's Cathouse," which

markets itself as "a new gastropub located downtown in Marion Illinois. We serve lunch, dinner as well as craft beers, fine liquors and mixed drinks. The décor is designed to have a burlesque/speakeasy feel with lots of brass and hardwood throughout." [1]

15. Defendant, M.L.K. Enterprises, LLC, is an Illinois limited liability company with its principal place of business located at 215 E. Main, Carbondale, Illinois 62901. Upon information and belief, M.L.K. Enterprises, LLC does business as the "Social House," which markets itself as "the newest alternative lifestyle bar in Southern Illinois where everyone is welcome." [2]

16. Defendant, Back Street Entertainment, Ltd., is an Illinois corporation with its principal place of business also located at 215 E. Main, Carbondale, Illinois 62901. Upon information and belief, Back Street Entertainment, Ltd. does business as "The Pony Cabaret and Steakhouse," which markets itself as "Carbondale's premier entertainment venue." [3]

17. Defendant, Charles "Jerry" Westlund, Jr., is listed in public records as the owner and/or president of one or more of the Defendant companies. Further, Westlund, Jr. is widely known by his employees as the owner and/or president of the Defendant companies and, upon information and belief, owns similar companies identified herein as Does 1-10.

18. Defendant, Garrett Hamilton, is listed in public records as the owner and/or president of one or more of the Defendant companies. Further, Hamilton is widely known by his employees as the owner and/or president of some of the Defendant companies and, upon information and belief, owns similar companies identified herein as Does 1-10.

19. The named Defendant business entities are registered with the Illinois Secretary of

---

[1] *See* https://www.facebook.com/thecathouse2013/about/?entry_point=page_nav_about_item&tab=overview (last visited September 21, 2016).
[2] *See* http://www.soberlyintoxicated.com/socialhouse/ (last visited September 21, 2016).
[3] *See* https://www.facebook.com/Carbondale-Pony-590913231034844/about/?entry_point=page_nav_about_item&tab=page_info (last visited September 21, 2016).

State.

20. The Doe Defendants 1-10 in this matter are the entities and/or individuals that, together with the named Defendants, employed Plaintiffs and members of the Class and are thus liable for the violations of the FLSA and possibly for violating other state wage and hour laws. Plaintiffs will seek leave from this Court to amend this Complaint to include those claims should the factual record support doing so.

21. Unless otherwise specified, Plaintiffs will refer to all Defendants collectively as "Defendants" and each allegation shall pertain to each Defendant.

22. At all relevant times, Defendants were Plaintiffs' "joint employers" and Defendants were engaged in "interstate commerce" as defined by the FLSA.

## FACTUAL ALLEGATIONS

23. During the past three years, Defendants have employed several different types of non-exempt employees, including but not limited to cooks, servers, bartenders, and an assistant manager.

### Plaintiff Tabitha Owens

24. Plaintiff Tabitha Owens was initially hired by Defendants as a server/bartender at Miss Emily's Cathouse in June 2013.

25. However, several weeks into her employment, Defendants re-hired Plaintiff Owens as a salaried assistant manager to help oversee the operations of Miss Emily's Cathouse, the Social House, and The Pony Cabaret and Steakhouse.

26. In her capacity as an assistant manager, Plaintiff Owens handled duties including but not limited to employee payroll, vendor payments, inventory, and employee work schedules.

27. Throughout her employment with Defendants as an assistant manager (August

2013 to April 2016), Plaintiff Owens earned a salary of no more than $420 per week. (***Exhibit C***).

28.     Because Plaintiff Owens never earned a salary from Defendants of $455 per week (or more), she was not exempt from the overtime requirements of the FLSA.

29.     In April 2016, Defendants switched Plaintiff Owens to an hourly employee and began paying her $10.50 per hour for all hours worked, including her overtime hours.

30.     Throughout her employment with Defendants, Plaintiff Owens worked long hours and regularly worked over 40 hours per week.

31.     For example, from March 2016 until July 2016, Plaintiff Owens worked 6-7 days per week at Miss Emily's Cathouse from approximately 7:00 a.m. until 5:00 p.m. (clocking in at Miss Emily's). After her shift, Ms. Owens would then travel to the Social House to work another shift from 6:00 p.m. until 1:00 a.m. (and she often worked as late as 3:00 a.m.).  During this period of time, Defendants directed Plaintiff Owens to remain clocked-in at Miss Emily's Cathouse while working at the Social House, and then to stop at Miss Emily's Cathouse on her way home to clock out for the day.

32.     At all relevant times, Defendants paid Plaintiff Owens "straight time" for all time worked, including her overtime hours.  For example, Plaintiff Owens worked 110:54 hours during the pay period from May 9, 2016 to May 22, 2016.  However, Ms. Owens was only paid her regular hourly rate of $10.50 for all hours despite working at least 30:54 hours of overtime. (***Exhibit D***).

33.     In early June 2016, one of Defendants' managers, Aaron Batteau, sat Plaintiff Owens down and told her she and the other non-exempt employees could no longer record more than 80 hours in any pay period, regardless of the number of hours they worked.

34. Thereafter, Plaintiff Owens continued to clock in/out normally and continued to work overtime hours, but Defendants' "adjusted" the hours on her paystubs to show an amount just below 80 hours.

35. For example, Plaintiff Owens worked well over 80 hours during the pay period from June 20, 2016 to July 3, 2016. However, Defendants adjusted Ms. Owens's timesheets and she was only paid for 79:08 hours at her regular hourly rate of $10.50, despite working overtime hours. (*Exhibit E*).

### Plaintiff Chad Walters

36. Plaintiff Chad Walters was employed by Defendants as an hourly cook at Miss Emily's Cathouse and the Social House from January 2016 until July 2016.

37. Throughout his employment with Defendants, Plaintiff Walters also worked long hours and regularly worked over 40 hours per week.

38. At all relevant times, Defendants paid Plaintiff Walters "straight time" for all time worked, including his overtime hours.

39. After June 2016, Plaintiff Walters continued to clock in/out normally and continued to work overtime hours, but Defendants' also "adjusted" the hours on his paystubs to show an amount just below 80 hours.

40. Both Plaintiffs left their respective employment with Defendants in July 2016 due to Defendants' unlawful pay practices.

### **COLLECTIVE ACTION ALLEGATIONS**

41. Plaintiffs bring this collective action pursuant to the FLSA, 29 U.S.C. § 216(b) on their own behalf and on behalf of all similarly situated current and former employees of Defendants, defined to include:

> *All non-exempt cooks, servers, bartenders, and assistant managers who worked for Defendants at any time in the past three years.*

(hereinafter the "Collective"). Plaintiffs reserve the right to amend this proposed Collective definition as necessary.

42. Plaintiffs do not bring this action on behalf of any executive, administrative, or professional employee exempt from coverage under the FLSA.

43. With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because, under 29 U.S.C. § 216(b), the employees described are "similarly situated" to Plaintiffs. The proposed Collective on behalf of whom Plaintiffs bring this collective action is similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful pay practices, policy, or plan; and (c) their claims are based upon the same legal theories.

44. Plaintiff estimates that the Collective, including both current and former non-exempt employees over the relevant period, will include hundreds (and possibly thousands) of members. The precise number of the Collective should be readily available from a review of Defendants' personnel, scheduling, time and payroll records, and from input received from the Collective members as part of the notice and "opt-in" process provided by 29 U.S.C. §216(b).

45. Plaintiffs' and the proposed Collective members' entitlement to overtime pay, except for amount, is identical and depends on one uniform question: whether Defendants pay their non-exempt employees proper compensation for all hours worked.

46. Plaintiffs share the same interests as the Collective in that the outcome of this action will determine whether they were paid correctly under the FLSA. Because the facts in this case are similar, if not altogether identical, the factual assessment and legal standards lend themselves to a collective action.

## **CLASS ACTION ALLEGATIONS**

47. Plaintiffs also bring this action pursuant to Fed. R. Civ. P. 23 on behalf of a putative Class defined to include:

*All non-exempt cooks, servers, bartenders, and assistant managers who worked for Defendants in Illinois at any time in the past three years.*

(hereinafter the "Class" or "Rule 23 Class"). Plaintiffs reserve the right to amend this proposed Class definition as necessary.

48. Plaintiff shares the same interests as the putative Rule 23 Class and will be entitled under Illinois state law to unpaid overtime compensation, attorneys' fees, costs, and lost interest owed to them under nearly identical factual and legal standards as the remainder of the putative Class.

49. Plaintiff estimates that the putative Rule 23 Class will include hundreds (and possibly thousands) of members. The Class meets the numerosity requirement of Rule 23(a)(1) because, during the relevant period, Defendants have employed numerous non-exempt employees in several locations throughout Illinois while subjecting them to working over forty (40) hours without being paid overtime compensation. The precise number of Class members should be readily available from a review of Defendants' personnel, scheduling, time and payroll records, and from input received from the putative Class members. The Class is so numerous that joinder of all members is impracticable.

50. The putative Rule 23 Class meets the commonality requirement of Rule 23(a)(2) because, during the relevant period, Defendants engaged in a common course of conduct that violated the legal rights of Plaintiffs and the Class. Any individual questions that Plaintiffs' claims present will be far less central to this litigation than the numerous material questions of law and fact common to the Class, including but not limited to:

    a. whether Defendants maintained common policies or practices regarding the pay structure for their non-exempt employees;

    b. whether Defendants paid proper overtime wages to Plaintiffs and the putative Class members; and

    c. whether Defendants should be required to pay compensatory damages, attorneys' fees, and costs and interest for violating Illinois state law.

51. The status of all individuals similarly situated to Plaintiffs raises an identical legal question: whether Defendants' non-exempt employees paid proper compensation under Illinois state law.

52. The putative Rule 23 Class meets the typicality requirement of Rule 23(a)(3) because Plaintiffs and the putative Class members were all employed by Defendants and were paid pursuant to the same company pay practices.

53. The putative Rule 23 Class meets the fair and adequate protection requirement of Rule 23(a)(4) because there is no apparent conflict of interest between Plaintiffs and the putative Class members, and because Plaintiffs' attorneys have successfully prosecuted many complex Class actions, including nationwide wage and hour class and collective actions, and will adequately represent the interests of Plaintiffs and the putative Class members.

54. The putative Rule 23 Class meets the predominance requirement of Rule 23(b)(3), because issues common to the Class predominate over any questions affecting only individual members, including but not limited to:

    a. whether Defendants, through their employment policies and practices, exercised control over the manner in which the Class worked; and

    b. whether Defendants paid their non-exempt employees in the same way.

55. The putative Rule 23 Class meets the superiority requirement of Rule 23(b)(3) because allowing the parties to resolve this controversy through a class action would permit a large

number of similarly-situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that numerous individual actions would engender.

56. Given the material similarity of the Rule 23 Class members' claims, even if each Class member could afford to litigate a separate claim, this Court should not countenance or require the filing of thousands of identical actions. Individual litigation of the legal and factual issues raised by Defendants' conduct would cause unavoidable delay, a significant duplication of efforts, and an extreme waste of resources. Alternatively, proceeding by way of a class action would permit the efficient supervision of the putative Class's claims, create significant economies of scale for the Court and the parties and result in a binding, uniform adjudication on all issues.

57. This class action can be efficiently and effectively managed by sending the same FLSA opt-in notice to all employees similarly situated and adding for the Illinois non-exempt employees within that group a separate opt-out notice pertaining to their rights under the Illinois state law.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq*. <u>FAILURE TO PAY OVERTIME WAGES</u>

58. Plaintiffs re-allege and incorporate all previous paragraphs herein.

59. At all times relevant to this action, Defendants were Plaintiffs' "employer" under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq*.

60. Defendants are engaged in interstate commerce or in the production of goods for commerce, as defined by the FLSA.

61. At all times relevant to this action, Plaintiffs were Defendants' "employees" within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

62. Plaintiffs either: (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) was employed in an enterprise engaged in commerce or in the production of goods for commerce.

63. At all times relevant to this action, Defendants "suffered or permitted" Plaintiffs and all similarly situated current and former non-exempt employees to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

64. 29 U.S.C. § 207(a)(1) provides as follows: "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

65. By paying their non-exempt employees at the regular hourly rate for all hours worked in excess of 40 per week, Defendants failed to compensate their non-exempt employees properly under the FLSA.

66. As a result of Defendants' unlawful acts, Plaintiffs and the proposed Collective members were deprived of their rightfully earned overtime wages in amounts to be determined at trial.

67. Defendants' unlawful conduct was widespread, repeated, and willful. Defendants knew or should have known that its policies and practices were unlawful and unfair.

**COUNT II**
**VIOLATION OF THE IMWL 820 ILCS § 105/1,** *et seq.*
<u>**FAILURE TO PAY OVERTIME WAGES**</u>

68. Plaintiffs re-allege and incorporate all previous paragraphs herein.

69. Plaintiffs and the Class members are "employees" under 820 ILCS 105/3. Defendants are "employers" under 820 ILCS 105/3.

70. The IMWL (820 ILCS § 105/12) provides: "If any employee is paid by his employer less than the wage to which he is entitled under the provisions of this Act, the employee may recover in a civil action the amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court, and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid . . . ."

71. The IMWL (820 ILCS § 105/4a) states: "Except as otherwise provided in this Section, no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1½ times the regular rate at which he is employed."

72. Defendants failed to properly pay Plaintiffs and the putative Class members for hours worked over forty (40) hours per week for that respective period.

73. The applicable Statute of Limitations, 820 ILCS § 105/12, provides that, "[e]very such action shall be brought within 3 years from the date of the underpayment." The underpayments at issue occurred less than 3 years ago; therefore, the action was brought within the applicable statute of limitations.

74. Plaintiffs demand, for themselves and the putative Illinois Class members, that Defendants pay Plaintiffs and the putative Class their regular hourly rate of pay for all hours worked in excess of forty (40) hours per week. In addition, they demand attorney's fees, costs damages mandated under 820 ILCS § 105/12, and interest as provided by law.

75. At relevant times, in addition to the FLSA, the IMWL required Defendants to compensate Plaintiffs and the putative Class members at one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per week.

76. At all relevant times, Defendants suffered, permitted, and/or required Plaintiffs and all putative Class members to work in excess of forty hours per week, but were not paid overtime pay as required by Illinois law.

77. As a result of Defendants' unlawful acts, Plaintiffs and the putative Class members were deprived of their rightfully earned overtime pay in amounts to be determined at trial.

78. Defendants' conduct violated the IMWL. Therefore, pursuant to 820 ILCS 105/12(a) Plaintiffs and the putative Class members are entitled to recover damages for the unpaid wages and overtime wages for the three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayment.

79. As a result of the foregoing conduct, Plaintiffs seek, on behalf of themselves and all members of the putative Class, unpaid wages and overtime wages at the required legal rate for all of their working hours during the relevant time period plus all other damages, attorneys' fees and costs, restitution, penalties, injunctive relief, interest calculated at the highest legal rate, and all other relief allowed by law.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs request the following relief:

    a. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

    b. Declaring that Defendants willfully violated their obligations under the FLSA and its attendant regulations as set forth above;

    e. Certifying this matter to proceed as a class action;

      f.      Designating the undersigned counsel as Lead Counsel for Plaintiffs and the Class members on their Illinois Minimum Wage Law claim;

      g.      Awarding Plaintiffs and the Class members all available compensatory damages and punitive damages, including, *inter alia*, all unpaid wages and lost interest owed by Defendants under the Illinois Minimum Wage Law;

      h.      Granting judgment in favor of Plaintiffs and against Defendants and awarding the lost overtime compensation calculated at the rate of one and one-half (1.5) of Plaintiffs' regular rate multiplied by all hours that Plaintiffs worked in excess of forty (40) hours per week for the past three years;

      i.      Awarding liquidated damages to Plaintiffs in an amount equal to the amount of unpaid overtime found owing to them;

      j.      Awarding reasonable attorney fees and costs incurred by Plaintiffs in filing this action;

      k.      Awarding pre- and post-judgment interest to Plaintiffs on these damages; and

      l.      Such further relief as this court deems appropriate.

## JURY DEMAND

Plaintiffs, Tabitha Owens and Chad Walters, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled cause.

Date:   October 3, 2016

                                            Respectfully Submitted,
                                            Tabitha Owens, Plaintiff
                                            Chad Walters, Plaintiff

                                            By:   s/Shari Rhode
                                            Shari R. Rhode, one of Plaintiffs' attorneys

Shari R. Rhode
Martine Jackson
Rhode & Jackson PC
1405 W. Main St., P.O. Box 99
Carbondale, IL 62901
Phone: 618-529-8092
Fax: 618-529-8582
Email: srhode@rhodeandjackson.com

       mjackson@rhodeandjackson.com

Edward A. Wallace
Thomas A. Doyle
Wexler Wallace, LLP
55 W. Monroe St., Ste 3300
Chicago, IL 60603
Phone: 312-346-2222
Email: eaw@wexlerwallace.com
       tad@wexlerwallace.com

Jason J. Thompson, MI Bar No. P47184
*(Pro Hac Vice)*
Jesse L. Young, MI Bar No. P72614
*(Pro Hac Vice)*
Sommers Schwartz, P.C.
1 Towne Square, Ste 1700
Southfield, MI 48076
Phone: 248-355-0300
Email: jthompson@sommerspc.com
       jyoung@sommerspc.com

*Trial Counsel for Plaintiffs*