# Exhibit B

## SETTLEMENT AND RELEASE AGREEMENT

This SETTLEMENT AND RELEASE AGREEMENT (the "Agreement") is entered into by Tabitha Owens, on her own behalf and those similarly situated ("Plaintiffs"), and GLH Capital Enterprise, Inc., MLK Enterprises, LLC, Back Street Enter., Ltd., Charles G. Westlund, Jr. (collectively "Defendants" and/or "Released Parties");

WHEREAS, Plaintiffs were employed by certain of the named Defendants at various times during the past three years;

WHEREAS, on October 3, 2016, Plaintiffs Tabitha Owens filed a lawsuit styled Case No. 16-cv-1109; *Owens v. GLH Capital Enterprise, Inc., et al.*; in the United States District Court for the Southern District of Illinois, alleging claims for unpaid overtime compensation under the Fair Labor Standards Act on behalf of themselves and current and former hourly employees of Defendants (the "Lawsuit");

WHEREAS, Plaintiffs Chad Walters, Kylee Dalton, Michelle Carter, Janie Lynn Allen, The Estate of Vincent Cosby, and Maria Rosas subsequently filed consents to participate in the Lawsuit and agreed to be bound by the ultimate outcome;

WHEREAS, on November 9, 2017, the parties held a telephonic settlement conference with Magistrate Judge Williams;

WHEREAS, due to the uncertainty of continued litigation and the parties' desire to avoid further proceedings, the parties agreed to settle fully and finally all differences now existing between the parties;

NOW THEREFORE, based upon the foregoing recitals, and in consideration of the mutual covenants and promises contained herein, the parties hereby finally, fully, and completely settle all of these matters in their entirety as follows:

1. **Consideration.** Solely to settle forever the claims and potential claims of Claimants (as more fully described in Paragraph 3 herein), and as full and final settlement of all Claimants' claims, Defendants shall pay the total gross sum of $24,000 (TWENTY-FOUR THOUSAND DOLLARS AND NO CENTS), which it is understood also covers all of Plaintiffs' attorneys' fees and costs. Such gross sum shall be allocated as follows:

    (a) For Owens, one check in the amount of $800.00 less applicable taxes and withholdings for her wage claims (with respect to which Defendants will issue an appropriate W-2 form) and one check in the amount of

1

$800.00 for liquidated damages (with respect to which Defendants will issue an appropriate 1099 form);

(b) For Walters, one check in the amount of $177.00 less applicable taxes and withholdings for her wage claims (with respect to which Verizon Wireless will issue an appropriate W-2 form) and one check in the amount of $177.00 for liquidated damages (with respect to which Verizon Wireless will issue an appropriate 1099 form);

(c) For Dalton, one check in the amount of $66.75 less applicable taxes and withholdings for his wage claims (with respect to which Verizon Wireless will issue an appropriate W-2 form) and one check in the amount of $66.75 for liquidated damages (with respect to which Verizon Wireless will issue an appropriate 1099 form);

(d) For Carter, one check in the amount of $187.50 less applicable taxes and withholdings for his wage claims (with respect to which Verizon Wireless will issue an appropriate W-2 form) and one check in the amount of $187.50 for liquidated damages (with respect to which Verizon Wireless will issue an appropriate 1099 form);

(e) For Allen, one check in the amount of $325.50 less applicable taxes and withholdings for her wage claims (with respect to which Defendants will issue an appropriate W-2 form) and one check in the amount of $325.50 for liquidated damages (with respect to which Defendants will issue an appropriate 1099 form);

(f) For The Estate of Vincent Cosby, one check in the amount of $376.50 less applicable taxes and withholdings for her wage claims (with respect to which Defendants will issue an appropriate W-2 form) and one check in the amount of $376.50 for liquidated damages (with respect to which Defendants will issue an appropriate 1099 form);

(g) For Rosas, one check in the amount of $66.75 less applicable taxes and withholdings for her wage claims (with respect to which Defendants will issue an appropriate W-2 form) and one check in the amount of $66.75 for liquidated damages (with respect to which Defendants will issue an appropriate 1099 form);and

(h) A check made payable to Claimants' attorneys, Sommers Schwartz, P.C., in the amount of $20,000.00, for attorneys' fees and costs (with

respect to which Defendants will issue a 1099 form to Sommers Schwartz, P.C.).

The total amount payable under this Agreement is in full, final, and complete settlement of any and all existing claims or causes of action by or on behalf of Plaintiffs against Defendants and the Released Parties defined in Paragraph 4.

This Agreement is explicitly conditioned upon Court approval of this Agreement. Defendants will deliver to counsel for Plaintiffs the above-referenced checks no later than December 31, 2017, so long as the Court has approved the Agreement.

2. **Tax Implications.** Plaintiffs acknowledge that neither Defendants nor any of the Released Parties defined in Paragraph 4 of this Agreement made any representations or promises with respect to the tax treatment of any monies paid in accordance with this Agreement. Plaintiffs accept full responsibility for any and all tax consequences that arise as a result of this Agreement. Claimants shall pay any taxes, interest, and/or penalties without further liability on the part of Defendants or the Released Parties.

3. **Discharge of Obligations.** It is expressly understood by Plaintiffs and Plaintiffs' counsel that the obligations of Defendants contained in this Agreement shall be in lieu of any and all amounts to which Plaintiffs or Plaintiffs' counsel is now, or may become, entitled to, based upon any claim whatsoever arising out of Plaintiffs' employment with Defendants or otherwise (including special, general, exemplary, or liquidated damages, attorneys' fees, interest, expenses, and costs actually incurred). Plaintiffs further agree that the terms of the settlement are fair and reasonable, including the amounts paid to Plaintiffs as well as the fees paid to Plaintiffs' counsel. Each Claimant agrees that the monetary payments described herein fairly compensate him or her for all amounts that could properly be due to him or her for the claims filed in the Lawsuit.

4. **Release.** Based on the consideration described above, Plaintiffs hereby fully and finally releases and discharges Defendants together with any parents, subsidiaries, associates, affiliates, divisions, partners, members, joint ventures, predecessor and successor corporations and business entities, past, present, and future and their agents, directors, officers, employees, shareholders, insurers and reinsurers, representatives, attorneys, and employee benefit plans and administrators (and the trustees or other individuals affiliated with such plans) past, present, and future, including but not limited Garrett Hamilton and those persons and entities identified in the attached Exhibit A attached hereto and made a part hereof marked Exhibit A, (collectively the "Released Parties") of and from any and all claims, demands, rights,

3

liabilities, suits, actions, and causes of action of any nature whatsoever, in law or in equity, known or unknown, foreseen or unforeseen, to the date upon which Plaintiffs execute this Agreement, including without limitation: claims which were or could have been asserted in the Lawsuit and claims arising out of or by virtue of or in connection with their employment by Defendants or any of the Released Parties, terms and conditions of that employment, or the termination of that employment.

Excluded from this agreement are any claims which cannot be waived by law, including but not limited to the right to file a charge with or participate in an investigation conducted by the Equal Employment Opportunity Commission ("EEOC") or the National Labor Relations Board ("NLRB"). Each Claimant is waiving, however, his or her right to any monetary recovery or relief should the EEOC or any other agency pursue any claims on his behalf.

    5.   **Effective Date.** The parties agree that this Agreement will become effective if, and only if: (1) All parties sign this Agreement, and (2) the Court approves the settlement. The "Effective Date" of the Agreement is the date that the last of these two events occurs.

    6.   **No Admission of Liability.** This Agreement shall not be construed as an admission by Defendants or any of the Released Parties that they have acted wrongfully with respect to Plaintiffs or any other person, or that Plaintiffs have any rights whatsoever against Defendants or any of the Released Parties, and Defendants and the Released Parties specifically disclaim any liability to, or wrongful acts against, Plaintiffs.

    7.   **Ownership over claims.** Each Plaintiff represents and warrants that none of his or her claims arising out of, by virtue of, or in connection with the Lawsuit have been assigned, pledged, or otherwise in any manner whatsoever sold or transferred, either by written instrument or otherwise, to any attorney, agent, or other person or entity, except to his or her attorneys of record in this Lawsuit, whose claims (if any) are fully and finally satisfied by this Agreement.

    8.   **Severability.** The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other provisions shall remain fully valid and enforceable.

    9.   **Sole Consideration.** Each Plaintiff affirms that the only consideration for him or her signing this Agreement are the terms stated herein; that no other promise or agreement of any kind has been made to him or her by any person or entity whomsoever to cause him or her to execute this instrument; and that he or she

fully understands the meaning and intent of the release set forth in this Agreement, including but not limited to its final and binding effect.

10. **Amendment.** This Agreement may not be modified except upon express written consent of both parties wherein specific reference is made to this Agreement.

11. **Entire Agreement.** This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties.

12. **Arm's Length Transaction.** The parties represent and agree that they have thoroughly discussed all aspects of this Agreement with their attorneys and have carefully read and fully understand all of the provisions of this Agreement, and that they are voluntarily entering into this Agreement.

13. **Facsimile Signatures and Counterparts.** This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute a single document. Facsimile or electronically scanned signatures shall have the same effect as original signatures.

14. **Cooperation.** The parties agree to take any and all actions reasonably necessary in order to effectuate the intent, and to carry out the provisions, of this Agreement, including, but not limited to, the execution and delivery of all documents and performance of all further acts reasonably necessary for this purpose.

15. **Non-Use.** This Agreement may not be used as evidence in any subsequent proceeding of any kind (without all parties' written consent), except in a proceeding that a party institutes alleging a breach of this Agreement or as required by law.

16. **Enforcement.** Any breach of a term, provision, or obligation of this Agreement by any party shall entitle the other to seek enforcement of such term, provision, or obligation in a court of law of competent jurisdiction, and shall entitle the prevailing party to seek an award of the reasonable attorneys' fees and costs incurred in such proceeding.

17. **No Waiver.** The failure to enforce at any time, or for any period of time, any one or more of the terms of this Agreement shall not be a waiver of such terms or of the right thereafter to enforce each and every term of this Agreement.

18. **Applicable Law.** This Agreement is made and entered into in the State of Illinois, and shall in all respects be interpreted, enforced, and governed by and under the laws of the State of Illinois.

FOR ALL PLAINTIFFS:

Dated: 12/13/17

_____
Tabitha Owens

FOR ALL DEFENDANTS:

Dated: 12/28/17

_____
Charles G. Westlund, Jr.
Printed Name: Charles G. Westlund, Jr.
Title: Representative of Defendants

# Exhibit A

| | Establishment | Address | County | Ownership | Status | Type | File Date | Principal Office | Manager / President | Manager's Address | Agent Change Date | Registered Agent | Address |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | The Social House (bar) | 215 E. Main St. Carbondale, IL 62901 | Jackson | M.L.K. Enterprises L.L.C. | Active | LLC | 8/7/2009 | 215 E. Main St. Carbondale, IL 62901 | Garret L. Hamilton | 11278 Los Alamitos Blvd. Apt. 216 Los Alamitos, CA 90720 | 7/19/2016 | Byron Potts | 514 N. Beadle Dr., Apt 4 Carbondale, IL 62901 |
| 2 | The Pony (dancers) | 213 E. Main St. Carbondale, IL 62901 | Jackson | Back Street Entertainment, LTD | Active | Domestic BCA | 7/1/1996 | P.O. Box 2288 Cape Girardeau, MO 63705 | Charles G. Westlund | P.O. Box 2288 Cape Girardeau, MO 63705 | 7/11/2016 | Doris Quick | 519 Highway 146 McClure, IL 62957 |
| 3 | Ms. Emily's Cathouse (bar) | 107 East Union Marion, IL 62959 | Williamson | GLH Capital Enterprise Inc. | Active | Domestic BCA | 7/12/2012 | 11278 Los Alamitos Blvd. Apt. 216 Los Alamitos, CA 90720 | Garret L. Hamilton | 11278 Los Alamitos Blvd. Apt. 216 Los Alamitos, CA 90720 | 7/12/2012 | Doris Quick | 93 Iroquois St. McClure, IL 62957 |
| 4 | The Electric Cowboy (bar) | 38957 HWY 3 McClure, IL 62957 | Alexander | GLH Capital Enterprise Inc. | Active | Domestic BCA | 7/12/2012 | 11278 Los Alamitos Blvd. Apt. 216 Los Alamitos, CA 90720 | Garret L. Hamilton | 11278 Los Alamitos Blvd. Apt. 216 Los Alamitos, CA 90720 | 7/12/2012 | Doris Quick | 93 Iroquois St. McClure, IL 62957 |
| 5 | The Pony (dancers) | 519 Highway 146 McClure, IL 62957 | Union | S.J.C. Illinois LLC | Active | LLC | 4/22/2015 | 519 Highway 146 McClure, IL 62957 | Garret L. Hamilton | 11278 Los Alamitos Blvd. Apt. 216 Los Alamitos, CA 90720 | 10/21/2015 | Mark S. Johnson | 309 Division St. Cairo, IL 62914 |
| 6 | The Tiki Hut (bar) | 107 Iroquois St. McClure, IL 62957 | Alexander | 107 Iroquois St LLC | Active | LLC | 6/29/2010 | 107 Iroquois St. McClure, IL 62957 | Garret L. Hamilton | 11278 Los Alamitos Blvd. Apt. 216 Los Alamitos, CA 90720 | 10/21/2015 | Mark S. Johnson | 309 Division St. Cairo, IL 62914 |
| 7 | Dueces Wild (gaming) | 714 N. Carbon Marion, IL 62959 | Williamson | GLH Capital Enterprise Inc. | Active | Domestic BCA | 7/12/2012 | 11278 Los Alamitos Blvd. Apt. 216 Los Alamitos, CA 90720 | Garret L. Hamilton | 11278 Los Alamitos Blvd. Apt. 216 Los Alamitos, CA 90720 | 7/12/2012 | Doris Quick | 93 Iroquois St. McClure, IL 62957 |
| 8 | The Revlon (bar) | 7965 State Route 146 Jonesboro, IL 62952 | Union | GLH Capital Enterprise Inc. | Active | Domestic BCA | 7/12/2012 | 11278 Los Alamitos Blvd. Apt. 216 Los Alamitos, CA 90720 | Garret L. Hamilton | 11278 Los Alamitos Blvd. Apt. 216 Los Alamitos, CA 90720 | 7/12/2012 | Doris Quick | 93 Iroquois St. McClure, IL 62957 |
| 9 | Hunny's Pub (bar) | 22400 Lost Acres Rd. Olive Branch, IL 62969 | Alexander | GLH Capital Enterprise Inc. | Active | Domestic BCA | 7/12/2012 | 11278 Los Alamitos Blvd. Apt. 216 Los Alamitos, CA 90720 | Garret L. Hamilton | 11278 Los Alamitos Blvd. Apt. 216 Los Alamitos, CA 90720 | 7/12/2012 | Doris Quick | 93 Iroquois St. McClure, IL 62957 |
| 10 | Wild Dueces 1 (gaming) | 2203 Sycamore Avd. Cairo, IL 62914 | Alexander | GLH Capital Enterprise Inc. | Active | Domestic BCA | 7/12/2012 | 11278 Los Alamitos Blvd. Apt. 216 Los Alamitos, CA 90720 | Garret L. Hamilton | 11278 Los Alamitos Blvd. Apt. 216 Los Alamitos, CA 90720 | 7/12/2012 | Doris Quick | 93 Iroquois St. McClure, IL 62957 |
| 11 | Pit Stop Pizza (restaurant) | 592 Highway 146 McClure, IL 62957 | Alexander | East Cape Pizza LLC | Active | LLC | 4/16/2012 | 592 Highway 146 McClure, IL 62957 | Garret L. Hamilton | 11278 Los Alamitos Blvd. Apt. 216 Los Alamitos, CA 90720 | 10/21/2015 | Mark S. Johnson | 309 Division St., POB 826 Cairo, IL 62914 |
| 12 | Lonestar Saloon (bar) | 589 Highway 146 McClure, IL 62957 | Union | 589 State Hwy 146 LLC | Active | LLC | 1/13/2010 | 589 State Hwy 146 East Cape Girardeau, IL 62957 | Garret L. Hamilton | 11278 Los Alamitos Blvd. Apt. 216 Los Alamitos, CA 90720 | 10/21/2015 | Mark S. Johnson | 309 Division St., POB 826 Cairo, IL 62914 |
| 13 | Fantasy Castle (dancers) | 2800 Walnut Ave. Signal Hill, CA 90755 | Los Angeles | 2800 Walnut LLC | Active | LLC | 1/25/2007 | P.O. Box 2288 Cape Girardeau, MO 63705 | Info not available. | Info not available. | Info not available. | Rick C. Brizendine | 7077 Orangewood Ave., STE 140 Garden Grove, CA 92841 |
| 14 | Unknown at this time. | | | Dead Presidents, LLC | Active | LLC | 1/31/2007 | P.O. Box 2288 Cape Girardeau, MO 63705 | Charles G. Westlund | P.O. Box 2288 Cape Girardeau, MO 63705 | 2/19/2009 | Business Filings Incorporated | 701 S. Carson St., STE 200 Carson City, NV 89701 |
| 15 | Unknown at this time. | | | Repeating Rifle, LLC | Active | LLC | 1/31/2007 | P.O. Box 2288 Cape Girardeau, MO 63705 | Charles G. Westlund | P.O. Box 2288 Cape Girardeau, MO 63705 | 2/19/2009 | Business Filings Incorporated | 701 S. Carson St., STE 200 Carson City, NV 89701 |
| 16 | Unknown at this time. | | | Silent Strippers, LLC | Active | LLC | 1/31/2007 | P.O. Box 2288 Cape Girardeau, MO 63705 | Charles G. Westlund | P.O. Box 2288 Cape Girardeau, MO 63705 | 2/19/2009 | Business Filings Incorporated | 701 S. Carson St., STE 200 Carson City, NV 89701 |
| 17 | The Pony (dancers) | 1209 US 45 ALT Starkville, MS 39759 (also listed at West Point, MS) | Oktibbeha | Mississippi Adult Properties, LLC | Active | LLC | 7/3/2008 | P.O. Box 2288 Cape Girardeau, MO 63705 | Charles G. Westlund | P.O. Box 2288 Cape Girardeau, MO 63705 | 7/3/2008 | Mike Schaefgen | 1209 Highway 45 Alternate N West Point, MS 39773 |
| 18 | Unknown at this time. | | | The Pony Bama, LLC | Exists | LLC | 3/25/2009 | Not provided | Charles G. Westlund | Not Provided | 2/25/2009 | Miguel Montijo | 141 Ware Dr NE Huntsville, AL 35811 |