IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TABITHA OWENS and <br> CHAD WALTERS, on behalf of <br> themselves and all others similarly <br> situated, <br> <br> Plaintiffs, <br> <br> vs. <br> <br> GLH CAPITAL ENTERPRISE, INC., <br> M.L.K. ENTERPRISES, LLC, BACK <br> STREET ENTERTAINMENT, LTD., and <br> CHARLES "JERRY" WESTLUND, JR., <br> an individual, <br> <br> Defendants. | Case No. 16-CV-1109-NJR-SCW |

# SETTLEMENT APPROVAL AND DISMISSAL ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is the Parties' Joint Motion for Order Approving Settlement and Dismissing the Action with Prejudice (Doc. 60). The Court held a hearing on the motion on March 8, 2018. For the reasons set forth below, the Court grants the motion.

## BACKGROUND

Plaintiffs Tabitha Owens and Chad Walters filed this lawsuit in their individual capacities and on behalf of all others similarly situated, alleging that Defendants failed to pay them overtime at a rate of one and one-half times the regular rate for hours worked in excess of forty hours in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a)(1) and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/3-4a. On July

13, 2017, the Court conditionally certified the case as a collective action and authorized notice to the proposed collective class (Doc. 41). Five current and former employees of Defendants, in addition to the two named Plaintiffs, have filed consents to join this lawsuit. On January 10, 2017, Defendant Westlund filed a motion to dismiss Plaintiffs' claims (Doc. 29). Defendant Westlund also filed a counterclaim against Plaintiffs for False Light and Defamation *Per Se* (Doc. 28). On January 31, 2017, Plaintiffs filed a motion to dismiss Defendant Westlund's counterclaim (Doc. 36).

On July 14, 2017, the Court denied Defendant Westlund's motion to dismiss and granted Plaintiffs' motion to dismiss Defendant Westlund's counterclaim (Doc. 43). The case then moved into the collective notice period, discovery, and settlement negotiations. Plaintiffs and Defendants have reached a settlement of the case and now seek final settlement approval and dismissal of this case with prejudice (Doc. 60). Notice of the settlement was sent out to the class members and they had until March 2, 2018 to file any objections to the settlement. No objections have been filed.

## Discussion

### A. Approval of Settlement Agreement

First, the Court finds that final certification of the class is appropriate. The class members' claims arise from similar factual and employment settings, Defendants asserted numerous defenses applicable to all class members, and fairness and procedural considerations support collective treatment. *See Burkholder v. City of Fort Wayne*, 750 F. Supp. 2d 990, 993-994 (N.D. Ind. 2010) (the Court "must make some final class certification before approving a collective action settlement") (quoting *Carter v.*

*Anderson Merchandisers, LP,* Nos. EDCV 08-0025-VAP (OPx), EDCV 09-216-VAP (OPx), 2010 WL 1946784, at *4 (C.D. Cal. May 11, 2010)).

The Court also finds that the settlement is fair, adequate, and reasonable. Stipulated settlements in a FLSA case must be approved by the Court. *Burkholder*, 750 F. Supp. 2d at 994. "To determine the fairness of a settlement under the FLSA, 'the court must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* at 995 (quoting *Tuan Le v. Sita Info. Networking Computing USA, Inc.*, No. 07-CV-86 (JS)(MLO), 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). "The court must review settlements because there is 'a fear that employers would coerce employees into settlement and waiver' of their claims." *Id.*

"Normally, a settlement is approved where it is the result of 'contentious arm's-length negotiations, which were undertaken in good faith by counsel . . . and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.'" *Id.* (quoting *Reyes v. Buddha-Bar NYC*, No. 08 CV 2494 (DF), 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009)). "Furthermore, 'courts may enter judgments on a basis that does not require full payment of liquidated damages after scrutinizing the proposed settlements for fairness.'" *Id.* (quoting *Elliott v. Allstate Investigations, Inc.*, No. 07 CV 6078, 2008 WL 728648, at *1 (S.D.N.Y. Mar. 19, 2008)).

"When reviewing a FLSA class action settlement, a court normally considers the following factors: (1) the complexity, expense, and likely duration of the litigation;

(2) the reaction of the class to the settlement; (3) the stage of the proceeding and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a larger judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund in light of all the risks of litigation." *Id.* (quoting *Misiewicz v. D'Onofrio Gen. Contractors*, No. 08 CV 4377, 2010 WL 2545439, at *3 (E.D.N.Y. May 17, 2010)).

The Court has considered and applied the factors set forth above and finds the settlement to be fair, reasonable, and adequate when balanced against the probable outcome of further litigation and the risks related to liability and damages.

Counsel represented that they participated in a settlement conference with Magistrate Judge Williams, and it is clear that the Settlement was a result of contentious arm's-length negotiations conducted by experienced counsel for all parties. Prior to the settlement, each side independently and thoroughly investigated the claims and defenses at issue. This allowed each side intelligently, and in good faith, to weigh both the risks and benefits of settlement as compared to continued litigation. The Court finds that approving the settlement will save the parties from years of litigation and tremendous uncertainty as to the ultimate outcome of the litigation. It should further be noted that no objections were filed to the Settlement Agreement. The Court ultimately finds that the settlement is fair, adequate, reasonable, and in the best interest of the parties, and is therefore approved.

B. Approval of Attorneys' Fees and Costs

As part of the Settlement, Plaintiffs' counsel seek the approval of $20,000.00 in attorneys' fees and costs. The attorneys representing Plaintiffs in this case are experienced wage and hour litigators and have obtained a positive outcome on behalf of the collective class. Plaintiffs' former counsel Jesse Young[1] submitted a declaration Doc. 60-3) indicating that Plaintiffs' counsel actually incurred more than $64,000.00 in fees and expenses in this case. Additionally, the Court asked attorney Charles Ash to detail the number of hours worked and each attorney's hourly rate at the Final Approval Hearing. Counsel Jesse Young also indicated in the declaration that the requested fee award is consistent with the prevailing market rate in wage and hour class and collective actions in this District and others. The parties have agreed that the attorneys' fees represent fair and adequate compensation for the work performed.

Taking into account the stage of the litigation, which included discovery, research, and negotiations, the Court considers the discounted amount of $20,000.00 in Plaintiffs' attorneys' fees and costs to be reasonable. *See Binissia v. ABM Industries, Inc., Case No. 13 cv 1230, 2017 WL 4180289, at \*3 (N.D. Ill. Set. 21, 2017)* (approving fee award disproportionate to class's recovery in FLSA collective action); *see also De La Riva v. Houlihan Smith & Co., Inc.,* No. 10 C 8206, 2013 WL 5348323 (N.D. Ill. Sept. 24, 2013) (in a FLSA case in which the parties entered into, and the court approved, a consent decree, plaintiffs' counsel petitioned the court for attorneys' fees and costs and the court awarded a reduced hourly rate of $450 for the lead attorneys and a reduced hourly rate

---

[1] Jesse Young voluntarily withdrew as counsel on February 7, 2018, because he left the firm of Sommers Schwartz, P.C. Charles R. Ash, IV, from Sommers Schwartz, ,P.C. remains counsel of record for Plaintiffs, however, and he attended the Final Approval Hearing on March 8, 2018 via telephone.

of $300 for the junior attorney). The Court further finds it reasonable in light of the risk of nonpayment that counsel faced, since they took the case on a contingent basis. Accordingly, the Court approves the request for attorneys' fees.

## CONCLUSION

Accordingly, the Court **GRANTS** the parties' Joint Motion to Approve Settlement and to Dismiss Action with Prejudice (Doc. 60). This action is **DISMISSED with prejudice**. Judgment will be entered accordingly.

**IT IS SO ORDERED.**

**DATED:   March 9, 2018**

s/ Nancy J. Rosenstengel_____<br>
**NANCY J. ROSENSTENGEL**<br>
**United States District Judge**